The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, AR 72015-1998
Dear Senator Webb:
I am writing in response to your request for an opinion on the following issue:
 Does Arkansas law or federal law apply to industries in the state of Arkansas which would require employers such as the Alcoa Industrial Chemicals Plant to have and maintain a random drug and alcohol testing program for employees required to have Commercial Drivers' Licenses ("CDLs")?
You represent in your request that the drivers at issue engage only in intrastate transportation of materials.
RESPONSE
Although Arkansas has adopted as state law applicable to intrastate commerce various federal regulations relating to CDLs, the federal regulation setting forth the procedures for random drug and alcohol testing is not among them. Assuming the transactions at issue are exclusively intrastate in their operation and effects — an assumption I frankly doubt could be sustained — the federal testing regulation would not apply. Arkansas law contains no corresponding state regulation. On the other hand, if the transactions can be characterized as interstate in either their operation or effects, the federal testing regulation, which preempts any contrary state law, will apply.
DISCUSSION
Your request is identical to one answered by my predecessor in Op. Att'y Gen. 91-365, which I have attached for your convenience. Although I agree with the analysis, the ensuing discussion will focus on various changes in the law.
The current Highway Commission Rule 17.1 differs from the version recited in the enclosed opinion. Rule 17.1 now reads as follows:
 All rules and safety regulations now or hereafter prescribed and adopted by the U.S. Department of Transportation, Federal Highway Administration, applicable to motor vehicles under the Federal Motor Carrier Safety Regulations as found in 49 C.F.R. Parts 383 through 399, not in conflict with the laws of the State of Arkansas, are hereby adopted and prescribed as the safety rules and regulations applicable to the interstate and intrastate operations of motor vehicles under the jurisdiction of this Commission.
This Rule is more narrowly stated than its predecessor, which adopted "all rules and safety regulations now, or hereafter to be, prescribed and adopted by the Federal Highway Administration."
As noted in the above referenced opinion, the Highway Commission clearly has jurisdiction to adopt the recited regulations as applicable to carriers operating entirely intrastate, see A.C.A. §§ 23-2-209 and23-13-204, except as exempted by A.C.A. § 23-13-206. It is consequently my conclusion that these regulations apply to intrastate carriers as a matter of state law, which further happens to be totally coextensive with the federal regulations.
My analysis of your request is complicated by the fact that the procedures for conducting random drug and alcohol testing for CDL holders are set forth not in the adopted regulations, but rather in the immediately preceding part, 49 C.F.R. 382. Section 382.109 provides that the regulations set forth in part 382 preempt any less stringent state or local regulation. However, the question remains whether these regulations apply under the circumstances you have described. Section 382.101 declares that "[t]he purpose of this part is to establish programs designed to help prevent accidents and injuries resulting from the misuse of alcohol or use of controlled substances by drivers of commercial vehicles." (Emphasis added.) Section 382.103(a) provides: "This part applies to every person and to all employers of such persons who operate acommercial motor vehicle in commerce in any State, and is subject to: (1) The commercial driver's license requirements of part 383 of this subchapter." (Emphasis added.) The issue thus arises whether the activities you have described are those of "a commercial vehicle in commerce."
Section 383.5 defines a "commercial driver's license" as "a license issued by a State or other jurisdiction, in accordance with the standards contained in 49 CFR part 383, to an individual which authorizes the individual to operate a class of commercial motor vehicle." Section 383.5 defines a "commercial motor vehicle" in pertinent part as being "a motor vehicle or combination of motor vehicles used in commerce." This section further defines "commerce" as meaning:
 (a) any trade, traffic or transportation within the jurisdiction of the United States between a place in a State and a place outside of such State, including a place outside of the United States and
 (b) trade, traffic, and transportation in the United States which affects any trade, traffic, and transportation described in paragraph (a) of this definition.
Assuming the vehicles at issue in your request are used exclusively in intrastate commerce and have no effect on any interstate trade, traffic and transportation, they would not appear to qualify as "commercial motor vehicles" under the above definition.[1] In my opinion, under these circumstances, the federal regulations setting forth the conditions for random drug and alcohol testing would not apply, since these are conditioned upon the operation of "a commercial motor vehicle in commerce." However, although I am not prepared to opine on issues of fact, I suspect the regulatory authorities might well question any claim that the intrastate activities of the Alcoa Industrial Chemical Plant do not sufficiently affect interstate trade, traffic and transportation to trigger application of the federal standards. Again, this is a factual question I am not able to answer and that the parties involved should address in consultation with counsel and the appropriate regulatory agencies.
Assistant Attorney General Jack H. Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh
Enclosure
[1] It should be noted, however, that at least one provision of the federal regulations anticipates that they can apply to intrastate transactions. Although 49 C.F.R. 383.71 exempts exclusively intrastate drivers from federal application procedures, section 383.3(a) nevertheless prescribes that "[t]he rules in this part apply to every person who operates a commercial motor vehicle (CMV) in interstate, foreign, or intrastate commerce, to all employers of such persons, and to all States." (Emphasis added.) For the regulations to apply as federal law, I assume one of the following must be the case: (a) the referenced "intrastate commerce" must have a sufficient effect on interstate "trade, traffic or transportation" to trigger the regulations; or (b) the holder of a CDL who operates a motor vehicle that has once qualified as a CMV will be subject to the regulations even when later engaged in purely intrastate activities with no interstate effects. This latter possibility raises clear constitutional questions as possibly exceeding the scope of the commerce clause.